

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

DISTRICT COURT
# FILED

SEP 5 – 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SYLVIA LYONS,                    )
                                 )
        Plaintiff,               )
                                 )    Case No.
vs.                              )
                                 )    **CJ-2013-04179**
ST. SIMEON'S EPISCOPAL HOME, INC, )
A Domestic Not For Profit Corporation, )
                                 )    Attorney Lien Claimed
        Defendant.               )    **E. MARK BARCUS**

### PETITION

COMES NOW the Plaintiff, Sylvia Lyons, through her attorneys of record, Daniel

E. Smolen, Donald E. Smolen, and Lauren G. Lambright of SMOLEN, SMOLEN &

ROYTMAN, PLLC, and bring this action against the Defendant, St. Simeon's Episcopal

Home, Inc., for violations of her constitutionally protected rights arising out of her

employment by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a citizen of the United States of America and a resident of Tulsa

County, Oklahoma.

2.      Defendant, St. Simeon's Episcopal Home, Inc., conducts regular business in Tulsa

County and regularly employs more than fifteen (15) people.

3.      This is an action for damages and to secure protection of and to redress

deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42

U.S.C §2000-2 hereinafter ("Title VII"), and 42 U.S.C. § 1981 providing for relief

against discrimination in employment on the basis of race.

EXHIBIT
B

4.      Plaintiff, a resident of the State of Oklahoma, filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on race and age. A Notice of Right to Sue was received by the Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, the Plaintiff has complied fully with all exhaustion prerequisites required under Title VII.

5.      Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

6.      Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

7.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-5(g).

8.      Punitive damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

9.      This action lies properly in Tulsa County as the unlawful employment practices complained of herein occurred within Tulsa County and because the Defendants conduct regular business in Tulsa County.

## FACTS COMMON TO ALL CLAIMS

10.     The Plaintiff incorporates as if realleged paragraphs 1-9.

11.     The plaintiff is an African American female.

12.     The plaintiff has been an employee of St. Simeon's Episcopal Home, Inc., (herein "Defendant"), since on or around September 2010.

13.     The Plaintiff worked as a Licensed Nurse Practitioner since she began her employment. The Plaintiff was wrongfully terminated on October 1, 2012.

2

14.    St. Simeon's is a nursing home where mainly elderly residents live who need nursing care. There are call lights on the outside of resident's rooms so that a resident can press a button and alert the staff that he or she is in need of care.

15.    During one of Ms. Lyon's shifts, she was alerted by a staff member that a piece of wood was lodged in a resident's call light so that the resident was unable to alert the staff that she needed help. Ms. Lyons attempted to remove the wood and fixed the situation to where the call light was operable again.

16.    Ms. Lyons went to report this incident to her supervisor, Martha Rentie, but her supervisor was nowhere to be found.

17.    About two to three weeks later, Ms. Lyons was alerted that an object was lodged in the same resident's call light in order to make it inoperable. Ms. Lyons located the Director of Nursing, Sue Salama, of the incident and they went to look together. At this time Ms. Lyons informed Ms. Salama of the earlier incident she attempted to report but could not find Martha to report it.

18.    Ms. Lyons was interviewed by Ms. Rentie and Ms. Salama on September 26, 2012 about the call light incidents.

19.    Around this time, another, Caucasian employee, Ann Bickett, who is also a nurse and works under the same supervisors as Ms. Lyons, also failed to report an incident where the resident's call light was tampered with so that it would be inoperable. She was also questioned by Ms. Rentie and Ms. Salama.

20.    Ms. Lyon's was terminated for failing to report the incident the first time she was aware it happened. Ms. Bickett was not terminated under the exact same circumstances.

21.   This difference in treatment and ultimate termination was based on the Plaintiff's

race. The Plaintiff had a good employment record prior to her termination.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION IN VIOLATION OF TITLE VII

22.   Plaintiff, Sylvia Lyons, incorporates as if realleged Paragraphs 1-21.

23.   By treating the Plaintiff differently than her Caucasian coworkers, disciplining the

Plaintiff more severely than her Caucasian coworkers, and terminating her employment

the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and
other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination
committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

24.   Plaintiff, Sylvia Lyons, incorporates as if realleged Paragraphs 1-23.

25.   By unfairly disciplining Plaintiff and ultimately terminating her employment, the

Defendant and its agents have violated 42 U.S.C §1981.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.   Back pay and lost benefits; front pay until normal retirement
b.   Compensatory damages for her mental anguish, pain and suffering and
other non-pecuniary losses;
c.   Punitive damages for the intentional and knowing acts of discrimination
committed by Defendant's management and executives;
d.   Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff, Sylvia Lyons, incorporates as if realleged Paragraphs 1-25.

27. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought in excess of 75,000.00 including, but not limited to, appropriate loss earnings and insurance premiums, with pre-judgment interest, and compensation for past and future pecuniary losses, including out-of-pocket losses suffered by Plaintiff because of the unlawful discrimination, in an amount to be determined at trial. Plaintiff also requests this Court order Defendant to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial. Finally, Plaintiff requests this Court grant reasonable attorney's fees and such further relief as the Court deems necessary and proper.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN PLLC

Daniel E. Smolen (OBA#19943)
Donald E. Smolen, II (OBA#19944)
Lauren G. Lambright, (OBA#22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff